United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS S. MAXWELL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>    Defendants. | Case No. 13-cv-03957-WHO<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

On August 27, 2013, plaintiffs Shawn R. Maxwell and Morris S. Maxwell moved that the Court issue an ex parte temporary restraining order to require defendants Deustche Bank National Trust Company ("Deutsche Bank"), One West Bank FSB ("One West Bank"), and Meridian Foreclosure Service to stay foreclosure proceedings scheduled on August 28, 2013, for the property located at 318 Poinsettia Avenue, San Mateo, California 94403 (the "property"). For the following reasons, the motion for an ex parte temporary restraining order is DENIED.

Under Federal Rule of Civil Procedure 65, a court may issue an ex parte temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's [] certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65. The analysis for granting a temporary restraining order is "substantially identical" to that for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor." *Graham v. Am. Home Mortg.*, C 13-03322 RS, 2013 WL 3989676 (N.D. Cal. Aug. 2, 2013) (citing *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Here, the plaintiffs do not show a likelihood of success on the merits.  The plaintiffs have raised identical and related claims in both state and bankruptcy courts against Deutsche Bank and One West Bank, and have not succeeded in their claims despite multiple opportunities to amend. *See, e.g.*, *Maxwell v. Deutsche Bank Nat'l Trust Co.*, Case No. CIV521169 (Cal. Super. Ct. April 16, 2013); *Maxwell v. Quality Loan Serv.*, Case No. CIV482969 (Cal. Super. Ct. April 9, 2009); *In re Maxwell*, No. 13-31423 (Bankr. N.D. Cal. 2013).  The plaintiffs' complaint and motion do not demonstrate that the claims they now bring, or the facts that support those claims, are likely to prevail.  Nor do plaintiffs explain, given their numerous attempts to litigate this matter,  how what they have alleged is sufficiently different from their prior lawsuits such that the plaintiffs are now likely to succeed on the merits or that the balance of equities tips sharply in their favor. *See Graham*, 2013 WL 3989676, at *1.

Plaintiff Morris Maxwell is also a debtor in the United States Bankruptcy Court for the Northern District of California.  In a hearing on August 15, 2013, the Bankruptcy Court ordered that the automatic stay in that case be terminated, which then allowed Deutsche Bank to foreclose on the property.  It is worth noting that the plaintiffs waited until the day before the foreclosure proceeding to move for a temporary restraining order despite the fact that the Bankruptcy Court's stay was lifted on August 15, 2013.

The plaintiffs also failed to certify in writing any efforts they made to give notice to the defendants of this motion, as required by Rule 65; they also failed to provide reasons to the Court why they should not be required to do so.

United States District Court
Northern District of California

1    For all these reasons, the Court concludes that a temporary restraining order should not

2 issue and the motion is DENIED.

3         **IT IS SO ORDERED.**

4 Dated:  August 27, 2013



5    _____

6                                        WILLIAM H. ORRICK
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California