UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS S. MAXWELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>Defendants. | Case No. 13-cv-03957-WHO (WHO)<br><br>**ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 32 |

Intervener MOAB Investment Group LLC ("MOAB") moves to expunge the notice of pending action filed in this case and for an award of attorney's fees. Dkt. No. 32. For the reasons below, the motion is GRANTED.

**BACKGROUND**

Plaintiffs Morris S. Maxwell and Shawn R. Maxwell filed this case against the defendants on August 26, 2013. Dkt. No. 1. On the same day, they filed a Notice of Pending Litigation, or lis pendens, with the Court. Dkt. No. 2. The next day, the plaintiffs moved for a temporary restraining order and preliminary injunction to enjoin the foreclosure sale of a house they once owned. Dkt. Nos. 4, 5. The Court denied the motion, noting that the plaintiffs did not show a likelihood of success on the merits due to the numerous times they litigated the underlying matter. Dkt. No. 8.

On September 17, 2013, the defendants moved to dismiss the case. Dkt. No. 14. The plaintiffs did not file an opposition. The Court granted the defendants' motion and dismissed the case with prejudice because the case is barred by *res judicata* given the plaintiffs' multiple attempts to litigate these same issues in both state and federal court. Dkt. No. 24. The plaintiffs appealed the decision to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 33.

On November 4, 2013, MOAB, which purchased the house at a trustee's sale, moved to intervene and to expunge the notice of pending action. Dkt. No. 26. The Court granted the motion to intervene and ordered the plaintiffs to show cause why the notice of pending action should not be expunged. Dkt. No. 27. The plaintiffs filed a response. Dkt. No. 32.

## DISCUSSION

### I. THE MOTION TO EXPUNGE IS GRANTED.

Federal courts apply state law in matters concerning notices of pending action. 28 U.S.C. § 1964; CAL. CIV. PROC. CODE § 405.5. "A lis pendens is recorded by someone *asserting* a real property claim, to give notice that a lawsuit has been filed which *may*, if that person prevails, affect title to or possession of the real property described in the notice." *Fed. Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069 (Ct. App. 1993) (original emphasis). "A transfer of the property after a lis pendens is recorded binds the transferee to a judgment subsequently rendered in the pending action . . . ." *Id.* "A lis pendens is extinguished by recording either a notice of its withdrawal or an expungment order." *Id.*

A party opposing expungement of a lis pendens bears the burden of proof. CAL. CIV. PROC. CODE § 405.30. "[T]he court *shall* order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim," which the opposing party must show "by a preponderance of the evidence the probable validity of the real property claim." CAL. CIV. PROC. CODE §§ 405.31-405.33 (emphasis added). In other words, the court must determine whether "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." CAL. CIV. PROC. CODE § 405.3.

"The question of whether a pleading states a real property claim is tested by a 'demurrer-like analysis' that centers on the adequacy of the pleading." *Castro v. Saxon Mortgage Servs., Inc.*, No. 09-cv-30, 2009 WL 837589, at *3 (N.D. Cal. Mar. 27, 2009). Thus, where a court has dismissed an action for failure to state a claim, expunging the lis pendens is warranted. *Id.* at *2-*3.

Here, the Court has already dismissed this case with prejudice. By doing so, the Court determined that it was not "more likely than not that the claimant will obtain a judgment against

United States District Court
Northern District of California

the defendant on the claim." CAL. CIV. PROC. CODE § 405.3.  The Court also expressed doubt about the plaintiffs' ability to prevail on the merits when it denied their motion for a temporary restraining order.  Given the numerous times the plaintiffs have litigated this matter, but have not succeeded—as thoroughly detailed in the Court's Order dismissing this case—the Court concludes that the plaintiffs have not carried their burden here.  Expungement is warranted.

The plaintiffs have provided almost no argument in opposition.  They merely cite to *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (Ct. App. 2013), and state that that case "establishes this cause as a valid one, making it more likely than not that [the plaintiffs] will prevail in this action."  Dkt. No. 32 at 4.  That case held that a borrower has standing to challenge the assignment of a loan to a securitized trust, even if he was not a party to or a beneficiary of the assignment agreement.  218 Cal. App. 4th 1097.  However, the plaintiffs make no attempt to explain why that case shows that it is more likely than not that they would have prevailed here.  In any event, the Court is unpersuaded that *Glaski* would have helped the plaintiffs, especially since the majority of courts, including many judges in this district and circuit, as well as other California courts, have disagreed with that decision and its conclusion.  *See, e.g.*, *Dahnken v. Wells Fargo Bank, N.A.*, No. 13-cv-2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (citing *Shkolnikov v. JP Morgan Chase Bank*, No. 12-cv-3996-JCS, 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012); *Almutarreb v. Bank of New York Trust Co.*, No. 12-cv-3061-EMC, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012)); *Subramani v. Wells Fargo Bank N.A.*, No. 13-cv-1605-SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) (citing cases disagreeing with *Glaski*).

## II.   THE REQUEST FOR ATTORNEY'S FEES IS GRANTED.

California Code of Civil Procedure section 405.38, which is in the chapter that concerns lis pendens, states: "The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."  The Court concludes that MOAB is entitled to attorney's fees.

MOAB prevailed on the motion, and the law requires that "[t]he court *shall*" award it

3

attorney's fees unless circumstances that are absent here apply. CAL. CIV. PROC. CODE § 405.38 (emphasis added). The Court finds that the plaintiffs did not act with substantial justification in filing this case and the notice of pending action. Nor is granting attorney's fees unjust. As discussed above, the plaintiffs have filed multiple cases despite final judgments on the merits entered against them. This action is similarly meritless and the plaintiffs were not substantially justified in bringing it. While other courts have denied attorney's fees because the plaintiffs were experiencing financial difficulties, *see, e.g.*, *Carnero v. Fed. Home Loan Mortgage Corp.*, No. 11-cv-1029-WHA, 2012 WL 195408, at *3 (N.D. Cal. Jan. 23, 2012); *Orcilla v. Bank of Am., N.A.*, No. 10-cv-3931-HRL, 2011 WL 1113549, at *2 (N.D. Cal. Mar. 25, 2011), the plaintiffs here do not warrant similar treatment given their history of persistent and unwarranted litigiousness; they also are not *in forma pauperis*.

MOAB's attorney, Brenda Cruz Keith, Esq., represented that she spent seven and a half hours preparing this motion. Her hourly fee is $250.00. The Court finds that both the hours spent and the hourly fee are reasonable. Thus, MOAB is entitled to $1,875.00 in attorney's fees.

## CONCLUSION

Because the plaintiffs have failed to meet their burden of showing the probable validity of any real property claim by a preponderance of the evidence, the motion to expunge the notice of pending action is GRANTED.[1]

The Court ORDERS the plaintiffs to pay MOAB $1,875.00.

**IT IS SO ORDERED.**

Dated: November 18, 2013

WILLIAM H. ORRICK
United States District Judge

---

[1] It does not matter that the plaintiffs have appealed this case. As the California Court of Appeal has instructed, "the trial court must grant the motion [to expunge] unless it finds it more likely than not that the appellate court will reverse the judgment." *Amalgamated Bank v. Super. Ct. of Sacramento Cnty.*, 149 Cal. App. 4th 1003, 1015 (Ct. App. 2007). The Court does not so find.

4