UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MORRIS S. MAXWELL, et al.,

    Plaintiffs,

    v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,

    Defendants.

Case No. 13-cv-03957-WHO

**ORDER DENYING MOTION FOR RULE 11 SANCTIONS**

Re: Dkt. No. 39

Defendants Deutsche Bank National Trust Company and One West Bank, FSB, move for an order granting sanctions of $16,000 against pro se plaintiffs Morris Maxwell and Shawn Maxwell for violating Federal Rule of Civil Procedure 11. Having considered the parties' briefs, and for the reasons below, the motion is DENIED.

## BACKGROUND

The Court incorporates by reference the factual recitation in its October 30, 2013, Order Granting Defendants' Motion to Dismiss, Dkt. No. 24 ("Order").

In 2008, the plaintiffs defaulted on their mortgage. Br. 2. The amount due on the loan was $867,750.78, but a trustee's sale did not occur until August 28, 2013, due to multiple years of litigation instigated by the plaintiffs. Br. 3. In particular, the plaintiffs lost two actions in the Superior Court of California, County of San Mateo, and a bankruptcy adversary proceeding in the United States Bankruptcy Court for the Northern District of California. Order 3-7. While this action was pending, the plaintiffs filed a third action in Superior Court. Order 7.

On August 26, 2013, the plaintiffs filed this action. They moved for an ex parte temporary restraining order to stay foreclosure proceedings, which the Court denied on August 27, 2013. On September 17, 2013, the defendants moved to dismiss the action. The plaintiffs failed to file an opposition. The Court granted the motion on October 30, 2013, and terminated the case on the same day.

On November 7, 2013, the defendants filed this Motion for Sanctions Under FRCP Rule 11. Dkt. No. 28. On December 9, 2013, the plaintiffs filed a late opposition. Dkt. No. 38. On December 13, 2013, the defendants filed a reply. Dkt. No. 39.

The plaintiffs have since appealed this case to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 42.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides, "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule . . . ." FED. R. CIV. P. 11(c).

"The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the . . . unrepresented party." *McMahon v. Pier 39 Ltd. P'ship*, No. 03-cv-251-CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (citation omitted). A plaintiff "can no longer avoid 'the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.'" *Id.* (quoting *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994)). Where a party "seeks to readjudicate matters already settled in state court" or "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

Pro se plaintiffs are equally subject to Rule 11's mandates and sanctions as represented parties. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). "Under the plain language of

2

1    the rule, when one party files a motion for sanctions, the court must determine whether any
2    provisions of subdivision (b) have been violated." *Id.*  If Rule 11(b) was violated, the court "may"
3    impose sanctions. *Id.* at 1390.  A court cannot decline to impose sanctions where a violation has
4    occurred "simply because plaintiff is proceeding *pro se*." *Id.*; *Simpson v. Lear Astronics Corp.*, 77
5    F.3d 1170, 1177 (9th Cir. 1996).  Nor can a court simply assert that it "declines to impose
6    sanctions." *Id.*  "If it decides not to impose sanctions, some reasoned basis for deciding not to do
7    so is required to make appellate review meaningful." *Id.*

## DISCUSSION

The defendants argue that this action "lacks legal merit and was filed for an improper purpose—i.e., to continue [the plaintiffs'] four-year scheme to harass defendants and live at the property for free." Br. 9.  The claims lack legal merit because they are (1) barred by res judicata, Br. 10; (2) barred by the *Rooker-Feldman* doctrine, Br. 12; or (3) lack merit as a matter of law, Br. 13.  The defendants also contend that the plaintiffs' complaint was filed for an improper purpose because it is effectively their seventh one, but the plaintiffs "have never stated a legally-cognizable claim." Br. 20.  In addition, the plaintiffs have sought injunctive relief to postpone foreclosure sales on over 10 occasions (each denied) and filed for bankruptcy six times "on the eve" of each scheduled sale. Br. 20.  The defendants claim that this lawsuit has cost them $13,000 in attorney's fees and may cost $3,000 more if it is opposed, which it is.

The plaintiffs' history of litigation and delay is troubling.  The courts are not vehicles for hindering proper foreclosure proceedings that occur due to the plaintiffs' default on their mortgage.  To date, and across multiple courts, the plaintiffs have failed to show any cognizable claim for relief.

That said, "[a]lthough Rule 11 permits the imposition of sanctions against a pro se litigant, the court must give 'due consideration' to the litigant's pro se status and exercise its discretion in assessing whether to impose sanctions." *Johnson v. Chevron Corp.*, No. 07-cv-5756-SI, 2010 WL 459121, at *2 (N.D. Cal. Feb. 3, 2010) (quoting *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 n.13 (9th Cir. 1985)).  Judges in this district have declined to impose sanctions on pro se plaintiffs even though their claims are barred by res judicata or the *Rooker-Feldman* doctrine, *see,*

3

*e.g.*, *Onkvisit v. Bd. of Trustees of Calif. State Univ.*, No. 10-cv-5685-JF, 2011 WL 2194018, at *1 (N.D. Cal. June 6, 2011), or lack any legal basis, *see, e.g.*, *Deutsche Bank Trust Co. Ams. v. Bradford*, No. 12-cv-1077-RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012). Judges have also declined to impose sanctions where the plaintiff filed multiple actions against the defendant based on the same underlying events. *See, e.g.*, *Rupert v. Bond*, No. 12-cv-5292-LHK, 2013 WL 5289617, at *6 (N.D. Cal. Sept. 18, 2013); *Coleman v. Teamsters Local 853*, No. 12-cv-5981-SC, 2013 WL 3790900, at *1 (N.D. Cal. July 18, 2013). As the Ninth Circuit has recognized, "what is objectively reasonable for a pro se litigant and for an attorney may not be the same." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989) (quoting FED. R. CIV. P. 11 Advisory Committee Note).

The plaintiffs' house has been foreclosed upon. Their lawsuit has been dismissed. The Court will not impose sanctions as well.

## CONCLUSION

The defendants' motion for sanctions under Rule 11 is DENIED. The plaintiffs are warned that they should not file any further suits based on the occurrences underlying this action and all their previously dismissed actions--any such suit is barred by res judicata or collateral estoppel, will certainly be frivolous, and will undoubtedly render them liable for sanctions.

**IT IS SO ORDERED.**

Dated: January 27, 2014

WILLIAM H. ORRICK
United States District Judge

4